UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV31-J

JAMES T. TINSLEY                                                                PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                            DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is the complaint of James Tinsley ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

<u>PROCEDURAL HISTORY</u>

On August 2, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of July 27, 2004. After a hearing, Administrative Law Judge Gary Flenner ("ALJ") determined that claimant's degenerative disc disease and arthritis of the wrists/hands were severe impairments that prevented him from returning to any of this past relevant work. The ALJ further determined that claimant retained the residual functional capacity for the full range of light work. This became the final decision of the Defendant when the Appeals Council denied review.

<u>STANDARD OF REVIEW</u>

The task of this Court on appellate review is to determine whether the administrative

1

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Defendant argues that the ALJ erred in failing to treat his depressive and generalized anxiety disorders as severe impairments. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole. Therefore, to the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, he is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

The operative questions are whether the defendant established by medical evidence that his depressive and generalized anxiety disorders affected his ability to do work activities, and, if so, whether the ALJ considered the actual impact of the impairment as part of the whole. The ALJ

noted that on December 3, 2004, Mr. Tinsley presented at the emergency room "in a frantic state after using crack cocaine. A month later, he sought treatment at LifeSkills, a mental health clinic, stating that he was worried "about everything." A staff psychiatrist prescribed Lexapro and Trazodone, and Mr. Tinsley was seen for several sessions of psychotherapy/counseling. The ALJ concluded from the evidence that with medication and treatment, claimant's mental problems were not causing any significant symptoms. Tr. 31-32.

The ALJ did note the November 21, 2005 assessment of outpatient counselor Steve Allen, who opined that plaintiff was experiencing "marked" and "extreme" loss of mental ability. However, the ALJ accorded to that opinion no weight at all, because Mr. Allen is not a physician and cannot offer a "medical opinion," and because his statement is completely unsupported by treatment notes and staff psychiatrist records. Consequently, while finding that plaintiff does have a mild depressive disorder, the ALJ determined that it causes no more than mild functional limitations and imposes no significant limitations on the ability to make appropriate occupational, performance and personal/social adjustments in the workplace. Tr. 32.

Mr. Tinsley points to the January 5, 2005 records, which record his complaints of "worrying about everything"for the preceding four to five years. Tr. 250. On January 24, 2005, the staff psychiatrist assigned a current "Global Assessment of Functioning" (GAF) score of 48, and a highest GAF of 55. Tr. 249. According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), Axis V's "Global Assessment of Functioning" scale considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." DSM-IV at 32. The range 41-50 is described as appropriate for "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent

3

shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." The range of 51-60 is described as appropriate for "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)."

Even leaving aside for a moment the principle that disability is a legal decision, not a medical decision, it is readily apparent that the GAF, standing alone, is a poor tool for determining ability to engage in substantial gainful employment. One reason is that, "occupational functioning" is but one of three fields considering in assessing the GAF. Another problem with using it as a tool for determining disability is that any system that seeks to compress all psychiatric and psychological considerations into a scale of one to one hundred is necessarily approximate, subjective, and subject to considerable variation in interpretation even among experts who agree with one another about a patient's degree of impairment in any specific area. Finally, it must be noted that a particular GAF range is considered appropriate for several alternative reasons; some of the factors that might result in a low GAF would be largely irrelevant to occupational capacity (for example, suicidal ideation), and it is equally clear that someone with a higher GAF might, in fact, have symptoms that severely interfered with the ability to work (for example, conflicts with co-workers).

The United States Court of Appeals has rejected suggestions that an ALJ commits error by declining to view a GAF score as establishing disability. Pointing out that it had "affirmed denials of disability benefits where applicants had Global Assessment Functioning scores of 50 or lower," the Sixth Circuit recently cautioned that the GAF may have little or no bearing on the claimant's social and occupational functioning. DeBoard v. Commissioner, 211 Fed.Appx. 411, 415 (2006).

4

Nonetheless, the GAF does represent one piece of information to be considered in a disability inquiry.  Where, as here, there is additional specific information about particular capabilities and characteristics, it cannot simply be ignored as irrelevant.  In addition, while there is evidence that Mr. Tinsley's symptoms improved to some extent during the course of therapy (both chemotherapy and psychotherapy), there is no evidence of record that all symptoms resolved with therapy.  To the contrary, while plaintiff's therapist noted some improvement at certain points, he also noted some loss of such gains at other points.  It is apparent from the team structure of the Lifeskills approach that the psychiatrist, a medical doctor, relied heavily on the opinions and insights of the psychotherapist who met with the claimant on a regular basis.  Under such circumstances, to simply discard the opinions of the counselor without pursuing the matter further is unwarranted.

Accordingly, this matter must be remanded for further proceedings, including obtaining additional opinions if the Commissioner concludes that such would be helpful.